UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No: 3:18-cr-005-GFVT-MAS |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DANIEL J. ZULAWSKI, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Magistrate Judge Matthew A. Stinnett's Report and Recommended Disposition. [R. 54.] Defendant Daniel J. Zulawski filed a Motion to Suppress [R. 31] and the United States responded to the Motion. [R. 41.] The Court held an evidentiary hearing where the parties presented their arguments and witnesses. [R. 51.] The Magistrate Judge recommends that this Court deny Mr. Zulawski's Motion to Suppress. [R.31.] For the reasons that follow, this recommendation will be adopted and Defendant's objections will be denied.

**I**

Magistrate Judge Stinnett thoroughly outlined the facts in his recommendation. [R. 54.] Mr. Zulawski has been charged with use of a facility and means of interstate or foreign commerce to knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, all in violation of 18.U.S.C. § 2422(b). [R. 1.]

On January 18, 2018, the day following Defendant's arrest, U.S. Army Criminal Investigations Division ("CID") agents contacted Defendant's spouse and were given consent by her to search the marital home and seize electronic equipment found there. [R. 31-1 at 282–83.] CID agents discovered several electronic devices after searching the home, including a phone in a locked cage that was kept in the garage ("Cage Phone"). [R. 31 at 257.] However, due to the locked cage, CID obtained a search warrant from a military judicial officer ("CID Search Warrant"). [R. 54 at 496.] All of the seized items pursuant to the CID Search Warrant were then turned over to the Kentucky Attorney General Office for further investigation. *Id.*

Upon receiving such items of evidence, Officer D'Hondt pursued an additional search warrant from Franklin District Court ("Franklin Search Warrant") for the electronic items seized, including the cage phone. *Id.* On January 25, 2018, Officer D'Hondt presented an affidavit in support of a search warrant to Judge Kathy Mangeot, a state district court judge for Franklin County, Kentucky. [R. 31-1 at 281–84.] Judge Mangeot approved the warrant authorizing a search of the electronic items, including the contents of the cage phone. *Id.* at 285–86.

**II**

In Mr. Zulawski's Motion to Suppress, he presents several reasons as to why the search of the cage phone and its resulting evidence should be suppressed. [R. 31.] First, Mr. Zulawski argues that the CID Search Warrant only permitted law enforcement to seize the phone, and not search it. *Id.* Second, Mr. Zulawski argues that he is entitled to a *Franks* hearing based on discrepancies of certain facts. *Id.* If the CID Search Warrant is considered invalid, Mr. Zulawski argues that the Franklin Search Warrant lacks

2

probable cause to search the cage phone, as well. *Id.* Finally, Mr. Zulawski points out that the *Leon* good faith exception does not apply to either of the warrants issued. *Id.* Judge Stinnett thoughtfully considered each of these issues and determined that Mr. Zulawski's Motion should be denied.

**A**

First, Magistrate Judge Stinnett addressed Mr. Zulawski's argument that the CID Search Warrant authorized only seizure, and not a search of the cage phone, which he concludes is inaccurate. [R. 54 at 497.] Judge Stinnett concluded that the CID Search Warrant authorized both seizure and search of the Cage Phone. The Sixth Circuit has already addressed this issue in *United States v. Evers*. 669 F.3d 645 (6th Cir. 2012). The Court ruled that "the seizure of a defendant's home computer equipment and digital media for a subsequent off-site electronic search is not unreasonable or overbroad, as long as the probable-cause showing in the warrant application and affidavit demonstrate a sufficient chance of finding some needles in the computer haystack." *Id.* at 652. Similarly to Mr. Zulawski's case, the Court ruled that the warrant was "specifically designed not simply to permit the officers to seize the computer and digital camera, but to view the computer and digital camera, to have access to them." *Id.* at 653.

Mr. Zulawski did file a timely objection to this portion of the Recommended Disposition, specifically arguing that the warrant did not explicitly authorize the search of the digital contents of the Cage Phone that was seized. [R. 60 at 562.] As indicated by the magistrate judge, the affidavit, which specifically requested "authorization to conduct a full digital forensic examination of [the Cage Phone]" was properly incorporated by reference into the CID Search Warrant. [R. 54 at 497; R. 31-1 at 275.] The CID Search

3

Warrant specifically authorized the search of a "locked cage in the garage for the property described as phone and other digital media belonging to SGT Daniel Zulawski within the cage in the garage." [R. 31-1 at 274.] In other words, based on this record, the law enforcement officers were where they had a right to be under the CID Search Warrant and the search of digital content within Mr. Zulawski's Cage Phone did not exceed the scope of the warrant.

As Mr. Zulawski points out, the warrant states "the affiant requests authorization to conduct a full digital forensic examination of SGT Zulawski's cellular phone." [R. 60 at 562; R. 31-1 at 273.] Mr. Zulawski argues that the remainder of the paragraphs in the warrant only authorize seizure of the Cage Phone. [R. 60 at 563.] However, the search warrant does not deny affiant's request to search the digital contents of the Cage Phone, but rather incorporates the affidavit into the warrant, authorizing such authorization to search digital contents of the Cage Phone. [R. 31-1 at 273–74.] Therefore, this Court rejects Mr. Zulawski's argument that the search of the Cage Phone exceeded the scope of the CID Search Warrant and adopts Judge Stinnett's recommendation.

**B**

Judge Stinnett then turned to whether Mr. Zulawski is entitled to a *Franks* hearing. [R. 54.] Mr. Zulawski requests a *Franks* hearing and suppression of the evidence from the CID Search Warrant, claiming the statements in the affidavit were made with intentional or reckless disregard to the truth. [R. 31.] The Supreme Court in *Franks v. Delaware* held:

> [W]here a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the

Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. 154, 155–56 (1978). In *Franks*, the affidavit at issue stated that the affiant had interviewed several people, but those people denied ever speaking to the affiant. *Id*. at 157–58. The Supreme Court determined that the information in a warrant must be "truthful," not necessarily requiring the facts in the warrant to be accurate, but rather that the affiant believes or appropriately accepts that information to be true. *Id*. at 165.

Because the warrant is presumed valid, a movant must make specific allegations accompanied by an offer of proof, not mere conclusions. *Id*. at 171. "Allegations of negligence or innocent mistake are insufficient." *Id*. Any purportedly false statements must have been necessary to the finding of probable cause. *Id*. at 171–72. Only upon these requirements may a challenger receive a *Franks* hearing. *Id*. Furthermore, upon request for a hearing, the movant must make a "substantial showing that the affiant's statements were intentionally or recklessly false." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir. 2003). Mere affidavits by the defendant do not meet this burden. *United States v. Giacalone*, 853 F.2d 470, 477 (6th Cir. 1988).

The affidavit incorporated into the CID Search Warrant states that while Mr. Zulawski was in the Franklin County Detention center, investigators listened to his jail calls. [R. 31-1 at 273.] In a phone call to his mother, Mr. Zulawski stated that "any evidence against him would be found on his old cellular phones." *Id.* Also, the affidavit included details regarding a phone call from Mr. Zulawski to his wife. *Id.* Mrs. Zulawski informed Mr. Zulawski that "she consented to a search of the residence by law enforcement." *Id.* Thereafter, the affidavit states "when she mentioned the cellular

phone locked in the cage of the garage, SGT Zulawki became very upset and concerned wherein Mrs. Zulawski ended the phone call." *Id.*

Due to the flow of information through several law enforcement agencies, the precise recitation of Mr. Zulawski's statements of the jail calls were not provided in the affidavit. The contents of these calls were relayed by Investigator Wyatt to Investigator D'Hondt. [R. 52 at 435–41.] Investigator D'Hondt, in turn, relayed the information of these calls to SA Jake Hardesty of CID. *Id.* at 373–74. SA Hardesty summarized his understanding of the jail calls, not including a direct quote within the warrant affidavit presented to the military magistrate for the Cage Phone.

Even though the information regarding the jail calls in the warrant is not verbatim, this does not mean the statements were misleading since search warrant affidavits "should be reviewed in a commonsense-rather than a hypertechnical-manner." *United States v. Woosley*, 2361 F.3d 924, 926 (6th Cir. 2004). Furthermore, "[a]lthough sloppiness may raise flags, it is not in any way fatal because search warrant affidavits 'are normally drafted by nonlawyers in the midst and haste of a criminal investigation.'" *United States v. Brooks*, 594 F.3d 488, 490 (6th Cir. 2010) (quoting *United States v. Ventresca*, 380 U.S. 102, 108 (1965)).

Mr. Zulawski objects to Magistrate Judge Stinnett's conclusion that a *Franks* hearing is not appropriate since the Defendant did not prove that the paraphrases of the jail phone calls were intentionally or recklessly misleading. [R. 54 at 503.] While Mr. Zulawski largely repeats verbatim his argument in his Motion to Suppress [R. 31], Mr. Zulawski triggers the Court's obligation to conduct a *de novo* review of Judge Stinnett's analysis. 28 U.S.C. § 636(b)(1)(c).

The summary of the jail calls in the affidavit "captures the essence of Zulawski's statement and was not made by any of the officers with '"reckless disregard for the truth."' R. 54 at 503; *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Defendant has not provided specific evidence to prove such statements in the affidavit were untrue, except a chart that shows the different times Officer D'Hondt was logged in during the relevant jail phone calls. [R. 60 at 567–78.] However, this chart does not show or prove that the paraphrased statements of the jail calls were misleading or untrue. This is simply insufficient information upon which to grant a *Franks* hearing. *Rodriguez-Suazo*, 346 F.3d at 648; *Giacalone*, 853 F.2d at 477. Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation as to deny Mr. Zulawski a *Franks* hearing. [R. 54 at 503.]

**C**

Mr. Zulawski also contests the Franklin County Search Warrant for lacking probable cause. [R. 31.] As an initial matter, the Court must give deference to Franklin County District Judge Kathy Mangeot's determination of probable cause. *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006). An affidavit supporting an application for a search warrant need not prove a crime occurred, rather it must demonstrate that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 214 (1983). So, a nexus must exist "between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (quoting *United States v. Van Shutters*, 163 F.3d 331, 336–37 (6th Cir. 1998). Determination of probable cause requires an examination of the totality of the

circumstances in a "realistic and commonsense fashion." *Van Shutters*, 163 F.3d at 336 (quoting *United States v. Finch*, 998 F.2d 349, 352 (6th Cir. 1993).

Judge Stinnett found that the affidavit submitted in support of the Franklin Search Warrant establishes probable cause to search the Cage Phone. [R. 54 at 503.] The affidavit supporting the Franklin Search Warrant established probable cause on a separate basis, excluding information regarding Mr. Zulawski's jail calls. *Id.* at 504. Instead, the affidavit recounted the details of the sting operation in which Mr. Zulawski allegedly arranged to have sex with children. [R. 31-1.] The affidavit also included information regarding the discovery of Defendant's Cage Phone during a consented search of the Mr. Zulawski's marital residence and the CID Search Warrant for the seizure and search of the Cage Phone. *Id.* Investigator D'Hondt also included information she gathered from the Christian County DCBS about an alleged sexual incident involving the Defendant and his 9 year-old stepdaughter, who accused the Defendant of using his phone to take an explicit photo of the minor. *Id.*

Finally, Office D'Hondt checked three boxes on the AOC-335 affidavit form including: "property or things used as the means of committing a crime; property or things in the possession of a person who intends to use it as a means of committing a crime, and property or things consisting of evidence which tends to show that a crime has been committed or that a particular person has committed a crime." *Id.* at 282. In checking these boxes, Office D'Hondt stated this is why there was probable and reasonable cause for seeking the electronic devices seized. *Id.* at 281. Under the totality of circumstances, the details of the alleged sexual incident involving the stepdaughter and

the details of the sting operation where Mr. Zulawski was caught trying to have sex with minor children, provided probable cause to search the Cage Phone.

Furthermore, despite Mr. Zulawski's arguments otherwise, the search warrant was particular in scope. [R. 54 at 504.] "A sufficiently particular warrant supplies enough information to guide and control the [executing] agent's judgment in selecting what to take." *United States v. Chaney*, 921 F.3d 572, 585 (6th Cir. 2019) (internal citations and quotation marks omitted). The search warrant particularly described the property to be searched as it listed its "physical description, make and model number, and the odd location where it was found." [R. 54 at 504.]

Mr. Zulawski also filed timely objections to Judge Stinnett's conclusion that the Franklin Search Warrant did not lack probable cause. [R. 60 at 569.] He again reiterates that the information contained in the affidavit to the Franklin Search Warrant failed to create a reasonable nexus between the allegations detailed in the affidavit and the Cage Phone that was searched. *Id.* He claims that the case cited by Judge Stinnett in his Report and Recommendation, *United States v. Neuhard*, is inapplicable in his case since the allegations given by his stepdaughter were "unsubstantiated." *Id.* at 570. However, this does not have an effect on the outcome of this motion since "Probable cause exists if the facts, circumstances, and 'reasonable trustworthy information' would allow a person 'of reasonable caution' to believe that a crime has been committed." *United States v. Neuhard*, 770 F. App'x 251, 253 (6th Cir. 2019). Both the allegations described by the stepdaughter involving Mr. Zulawski using a cell phone to photograph himself touching her genitals and photograph her naked on a separate occasion, in addition to the details of the sting operation described previously, establish sufficient probable cause for the search

9

of the Cage Phone. Thus, having both probable cause and demonstrating the proper particularity, the Franklin Search Warrant did not violate the protections of the Fourth Amendment and this Court adopts Judge Stinnett's recommendation as to the presence of probable cause provided by the Franklin Search Warrant to search the Cage Phone.

**D**

Finally, Judge Stinnett found that even if this Court finds that the CID Search Warrant or Franklin Search Warrant were legally deficient, the *Leon* good faith exception to the warrant requirement applies. [R. 54 at 506.] Mr. Zulawski submitted timely objections to these conclusions as well, arguing that the Franklin Search Warrant was invalid and the good faith exception does not apply. [R. 60 at 571.] However, because this Court finds that the Fourth Amendment does not protect the information collected from the Cage Phone pursuant to both warrants, the Court declines to address these arguments. Accordingly, the Court will not adopt Judge Stinnett's alternative recommendation in his Analysis II.D.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Daniel Zulawski's Objections to the Magistrate Judge's Report and Recommendation, except those the Court declines to address, [**R. 60**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 54**] is **ADOPTED IN PART** as to the Sections II.A through II.C and the Conclusion, for the reasons set forth in this Order, as and for the opinion of this Court;

3. Defendant Daniel Zulawski's Motion to Suppress Evidence [**R. 31**] is **DENIED**; and

This 15th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge