UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:18-cr-00005-GFVT-HAI-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DANIEL J. ZULAWSKI, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the defendant Daniel Zulawski's "Motion for Reconsideration and Relief of Judgment." [R. 202]. Moving *pro se*, Zulawski asks the Court to grant him relief from this Court's April 14, 2026, Memorandum Opinion and Order which denied Zulawski's Motion to Vacate. *See* [R. 199] (overruling objections to Judge Hanly A. Ingram's Recommended Disposition and adopting Judge Ingram's recommendation as and for the opinion of the Court). Zulawski asks the Court to reconsider its order under Fed. R. Civ. P. 59(e) and 60(b)(6). For the reasons that follow, the Court **DENIES** Zulawski's motion.

**I**

In 2019, a jury convicted Zulawski of one count of attempted online enticement in violation of 18 U.S.C. § 2422(b). [R. 99]. On May 27, 2020, this Court sentenced Zulawski to a term of imprisonment of 192 months. [R. 134]. Zulawski appealed to the Sixth Circuit, asking that body to vacate his conviction. A three-judge panel unanimously affirmed his conviction. *United States v. Zulawski*, No. 20-5577, 2022 WL 247742 (6th Cir. Jan. 27, 2022). Zulawski then filed a Motion to Vacate under 28 U.S.C. § 2255. [R. 172]. United States Magistrate Judge Hanly A. Ingram, in a Recommended Disposition, advised the Court to deny Zulawski's Motion to Vacate. [R. 196]. Zulawski, through counsel, submitted timely objections to the

Recommended Disposition. [R. 198]. This Court overruled those objections and adopted Judge Ingram's Recommended Disposition. [R. 199].

A flurry of activity soon followed. Zulawski, through counsel, submitted a Notice of Appeal to the Sixth Circuit on May 15, 2026. [R. 200]. On May 18, 2026, Zulawski then filed a Motion for Reconsideration *pro se*. [R. 202]. Zulawski, again moving *pro se*, then submitted a second Notice of Appeal to the Sixth Circuit. [R. 203].

In support of his Motion for Reconsideration, Zulawski writes that he retained the services of Robert L. Sirianni to litigate his § 2255 motion. [R. 202]. He claims that Sirianni sent an affidavit and oath form to complete and return for inclusion in the § 2255 motion. [*Id.*] This form "was omitted due to excusable neglect" which "left the record incomplete for Petitioner's arguments." [*Id.*] Zulawski informed the court that he "is unable to financially retain Mr. Sirianni's services anymore and thus, pro se, requests the Court to grant relief from its denial of the § 2255 motion, direct Mr. Sirianni to file Zulawski's narrative, and reconsider its judgment in light of the included facts." [*Id.*]

## II

The Sixth Circuit directs district courts to treat motions for reconsideration in criminal cases as if they were filed under Federal Rules of Civil Procedure 59(e) or 60. *United States v. Legette-Bey*, No. 24-3777, 2025 U.S. App. LEXIS 10401, at *5 (6th Cir. Apr. 29, 2025) (citing *United States v. LaDeau*, 734 F.3d 561, 572 n.3 (6th Cir. 2013)). Motions to reconsider "fall within the sound discretion of the district court" and "can only be granted upon a showing of exceptional circumstances." *Jadco Enterprises, Inc. v. Fannon*, 991 F. Supp. 2d 947, 951 (E.D. Ky. 2014); *see also Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (a

motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.").

A Court may only grant a Rule 59(e) motion if the moving party shows a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Similarly, under Rule 60(b)(6), the Court may relieve a party from an order for "any other reason that justifies relief." Rule 60(b)(6) "is a catchall provision, and a court should grant relief under this Rule only in exceptional or extraordinary circumstances where principles of equity mandate relief[.]" *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019) (citation modified). Rule 60(b)(6) "contemplates situations where 'something more is present' than those situations contemplated by the other clauses in the rule. The 'something more' must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* (quoting *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015)) (citation modified).

Nothing in Zulawski's motion indicates that this is a situation where reconsideration under Rule 59(e) or 60(b)(6) is appropriate. Zulawski's only basis for relief derives from the fact that Sirianni, the attorney who litigated Zulawski's unsuccessful § 2255 petition, failed to include an affidavit that Sirianni sent to Zulawski to complete. [R. 202]. Zulawski attached correspondence from Sirianni, which asked Zulawski to answer a set of ten questions:

1. Did your lawyer present an entrapment defense?
2. Did you proceed to trial with the idea that entrapment would be presented?
3. What was the actual entrapment defense?
4. Did your lawyer cancel or dismiss the entrapment defense? Did you know about that?
5. Did the investigator lie in the report? What did the investigator lie about? Did that impact the warrant?
6. Did your lawyer challenge the warrant?

3

> 7.  What evidence was not presented in court that you want to present now?
> 8.  Are there any witnesses that you wanted to be called but your lawyer failed to call them?
> 9.  What other defenses did your lawyer miss during your defense?
> 10. Are there any issues that your lawyer missed in the first motion to suppress filed in your case?

[*Id.* at 5–6]. Zulawski faults his attorney for not including the answers to these questions in affidavit form in the motion to vacate. But Sirianni incorporated Zulawski's answers to these questions in the motion itself. Indeed, the motion to vacate addressed Zulawski's claims that he received ineffective assistance of counsel, including by not pursuing an entrapment defense, failing to object to alleged prosecutorial misconduct, failing to object to jury instructions, failing to suppress statements, and various other related theories addressing the performance of Zulawski's trial counsel. *See generally* [R. 172-1]. Sirianni included 110 pages of appended material in support of this motion. *See* [R. 172-2].

Any "error" made by not including Zulawski's affidavit is cured by the fact that the motion itself advanced Zulawski's theory. Even "where counsel makes a deliberate choice" to not include the physical affidavit "the party cannot thereafter attempt to be relieved of the consequences of that conscious decision [through a Rule 60 motion] should the theory prove to be unsuccessful." *FHC Equities, LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (citation modified). Zulawski argues that his "statements should be considered before a ruling on the merits," but this Court and Magistrate Judge Ingram already considered his § 2255 theory through his initial motion and his objections to the magistrate's recommended disposition. In these preceding rulings, the Court properly considered and rejected Zulawski's arguments. Zulawski's new motion does not raise an "unusual and extreme situation where principles of

equity mandate relief." *Kelmendi*, 780 F. App'x at 312. The Court, therefore, will not accept Zulawski's invitation to review his motion to vacate for a third time.

## III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Zulawski's Motion for Reconsideration **[R. 202]** is **DENIED**.

This 20th day of May, 2026.

Gregory F. Van Tatenhove
United States District Judge